**United States District Court**

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DWAYNE ROBINSON BURRELL,                    No. C-13-1109 EMC (pr)

          Petitioner,

        v.                                        **ORDER TO SHOW CAUSE**

GREG LEWIS, Warden,

          Respondent.

_____/

## I.   INTRODUCTION

Petitioner, an inmate at Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.   BACKGROUND

The petition and attachments thereto provide the following information:  Petitioner was convicted in Santa Clara County Superior Court of burglary of an inhabited dwelling and was found to have suffered prior convictions.  He was sentenced on an unstated date to 30 years to life in prison.  He appealed.  In 2011, the California Court of Appeal affirmed the conviction and the California Supreme Court denied the petition for review.  Petitioner also filed unsuccessful habeas petitions in state court before filing this action.

## III.   DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

United States District Court
For the Northern District of California

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A

district court considering an application for a writ of habeas corpus shall "award the writ or issue an

order directing the respondent to show cause why the writ should not be granted, unless it appears

from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition alleges two claims.  First, Petitioner alleges that he received ineffective

assistance of counsel in that counsel "fail[ed] to properly investigate, present, and argue at the

sentencing hearing social background evidence which was favorable towards a grant of relief from a

25 to life sentence pursuant to California's Three Strikes Law." Docket # 1, p. 8.  This claim for a

denial for the Sixth Amendment right to assistance of counsel is cognizable in a federal habeas

action.

Second, Petitioner alleges that the state court's "finding that the residence burglarized by Mr.

Burrell was occupied at the time of the offense (and thus a 'violent felony' under California law)

was a "'decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)(2)." Docket # 1, p. 25.  This

claim is not cognizable in a federal habeas action because it only articulates a standard of review.

Section 2254(d)(2) provides a limitation on habeas relief and does not create a right upon which

habeas relief may be based.  That is, § 2254(d)(2) provides that relief cannot be granted "with

respect to any claim that was adjudicated on the merits in State court proceedings unless the

adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding." Like § 2254(d)(1) –

which prohibits relief unless the adjudication of the claim "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

the United States" – § 2254(d)(2) guides the federal habeas court's analysis of claims of violations

of a petitioner's rights under the "Constitution or laws or treaties of the United States," 28 U.S.C. §

2254(a).  "The habeas statute unambiguously provides that a federal court may issue a writ of habeas

corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or

laws or treaties of the United States." *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (internal

quotation marks and citations omitted).  The second claim in the petition does not allege that there

was a violation of a right under the federal constitution, laws or treaties.  The claim is dismissed because it fails to state a claim upon which federal habeas relief may be granted.

## IV.   CONCLUSION

For the foregoing reasons,

1.      The first claim of the petition warrants a response.

2.      The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3.      Respondent must file and serve upon Petitioner, on or before **July 12, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **August 9, 2013**.

5.      Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6.      Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated:  May 10, 2013

EDWARD M. CHEN
United States District Judge